IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ESTATE OF DYONTA QUARLES, JR.** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No. 1:22-cv-02037-JRR |
| **P.O. J. RICCI, ET AL.** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter comes before the court on Defendants' Motion to Dismiss, or in the Alternative, to Bifurcate Count 6 of the Complaint (ECF No. 21; the "Motion"). No response was filed and no hearing is necessary. (Local Rule 105.6.)

### I.  Federal Rule of Civil Procedure 12(b)(6)

Defendant Anne Arundel County asserts that Count 6 fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint. It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 21-cv-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### A.  Count 6 of the Complaint – *Monell* Claim

Count 6 of the Complaint (ECF No. 1, ¶¶ 71-82) asserts a *Monell* claim – alleging that by operation of an official policy or custom of Defendant Anne Arundel County deprived decedent DJ Quarles of one or more of his federal constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To state a *Monell* claim, a plaintiff must allege that a defendant municipality operates under "an official policy or custom . . . that proximately caused the deprivation of rights." *Semple v. City of Moundsville,* 195 F.3d 708, 712 (4th Cir. 1999).

Citing *Hall v. Fabrizio*, Defendant argues that Count 6 must be dismissed because "Count 6 does not allege a single instance of these alleged violations other than the Plaintiff's own experience, and thus 'falls well short of showing the sort of 'widespread and permanent practice' that is required to show a municipal 'custom;'" and "Count 6 also 'fails to allege any facts regarding what the Police Department's 'procedures, rules, orders, guidelines, and practices' are, or any facts tending to show a 'deliberate indifference' on the part of any policy maker.'" (Motion at p. 7; quoting *Hall v. Fabrizio*, 2012 WL 2905293 at *2 (D. Md. July 13, 2012)).

The court is not persuaded that Plaintiff is required to plead facts outside of DJ Quarles' experience to state a *Monell* claim.  The *Hall* court relied upon and quoted from *Carter v. Morris* in which the Fourth Circuit affirmed the district court's ruling on a motion for summary judgment, which requires far more of a plaintiff than mere notice pleading.  *Id*. at *2; *Carter v. Morris,* 164 F.3d 215 (4th Cir. 1999).

Defendant also relies upon *Flanagan v. Anne Arundel County,* 593 F. Supp. 2d 803 (D. Md. 2009), which the court finds unavailing.  In *Flanagan*, the plaintiff alleged merely that the officer's conduct was generally sanctioned by municipal custom or policy.  Here, Plaintiff specifically alleges that the county "knew and understood that it had inadequate practices and procedures in place for calls involving individuals suffering from mental illness and/or emotionally disturbed individuals."  (Complaint, ECF No. 1, ¶ 74; *see also id* ¶¶ 75-78.)

Defendants argue further that "Plaintiff failed to plead numerous prior instances of unconstitutional violations."  (Motion at p. 7.)  The court finds that is not required to survive a 12(b)(6) motion.  *Jordan by Jordan v. Jackson,* 15 F.3d 333, 339 (4th Cir. 1994) (holding that "[t]here is no requirement that [plaintiff] detail the facts underlying his claims, or that he plead the multiple incidents of constitutional violations that may be necessary at later stages to establish the existence of an official policy or custom and causation."); *see also Peprah v. Williams,* 2019 WL 224245 (D. Md. Jan. 15, 2019) (same).

The motion to dismiss will be denied.

## II.     Federal Rule of Civil Procedure 42(b) – Bifurcation

Alternatively, Defendants request that the court bifurcate Count 6.  The *Peprah* court said it well and succinctly:

> Rule 42(b) governs the bifurcation of cases. Under this Rule, the Court may bifurcate claims "[f]or convenience, to avoid prejudice, or to expedite and

> economize" the judicial process. Fed.R.Civ.P. 42(b). Courts have "broad discretion in deciding whether to bifurcate claims for trial." *Dawson v. Prince George's Cty.,* 896 F.Supp. 537, 539 (D. Md. 1995) (first citing Fed. R. Civ. P. 42(b); and then citing *Dixon v. CSX Transp., Inc.,* 990 F.2d 1440, 1443 (4th Cir. 1993)).
>
> Here, Peprah can only bring a successful Monell claim against Howard County if he establishes that the various officers involved in his arrest violated his constitutional rights. *See James,* 441 F.Supp.2d at 758 (citing *Temkin,* 945 F.2d at 724). This Court has repeatedly held that bifurcation is appropriate in cases involving § 1983 claims against individual defendants and municipalities. *See, e.g., James*, 441 F. Supp.2 d at 762; *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319–21 (D. Md. 1991); *Dawson*, 896 F. Supp. at 540; *cf. Brown v. Bailey*, No. RDB-11-01901, 2012 WL 2188338, at *4 (D. Md. June 13, 2012) ("This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable."). Bifurcation avoids the introduction of potentially prejudicial evidence because evidence introduced in support of a practice or policy that underlies a *Monell* claim may prejudice individual defendants. *See Marryshow*, 139 F.R.D. at 320. Further, bifurcation advances judicial economy because a plaintiff who cannot establish a constitutional violation by a municipal officer cannot prevail on a *Monell* claim against a municipality. *Id.* at 319–20. Bifurcation, therefore, preserves scarce judicial and party resources by avoiding expenses related to Monell claims until a plaintiff has established the existence of an underlying constitutional violation. *Id.*
> In short, because bifurcation helps to avoid prejudice and promotes judicial economy, the Court will grant Defendants' Motion to Bifurcate Count IV.

*Peprah v. Williams,* 2019 WL 224245 *10 (D. Md. Jan. 15, 2019).

The motion to bifurcate Count 6 will be granted.

A separate order will follow.

/S/

Julie R. Rubin
United States District Judge

December 2, 2022